UPCHURCH, Chief Judge.
Petitioner who was the plaintiff in the action below seeks a writ of certiorari to review a discovery order entered upon defendant’s motion to permit visual inspection of petitioner’s injury. The petitioner’s complaint alleged that she had purchased a black brassiere manufactured by defendant, The Loveable Company. After the first wearing she noticed that the shape of the brassiere and its straps were imprinted on her skin. The complaint also alleged that the stain is disfiguring and permanent.
Respondent The Loveable Company filed a third party action against respondent Sullivan-Carson, the manufacturer of the elastic in the subject product and Sullivan-Carson filed suit against respondent Luithlen Dye Company, the dye manufacturer.
Petitioner contests the discovery order because she contends this is a physical examination which must be conducted by a physician under Florida Rule of Civil Procedure 1.360.[1] She also contends that the inspection is not necessary because she does not intend to exhibit the injury to the jury at trial and the same inspection can be obtained through photographs to which she has agreed to submit.
We note that the trial court was very specific in defining the conditions under which the visual inspection of petitioner was to be conducted. It was to take place in her attorney’s office; no one was to inspect the affected area other than counsel for the respective parties; the inspection could last no more than two minutes; no more of petitioner’s body was required to be exposed other than necessary to permit the inspection; counsel were required to conduct themselves with dignity; and no arguing during the inspection was to be permitted.
First we do not think this is a physical examination contemplated by Rule 1.360 and the degree and extent of disfigurement can be determined by a layperson *1129 as well as by a physician. Only the permanence or physiological consequences of the injury require an examination by an expert. In fact, the extent of damages as a consequence of any disfigurement suffered by petitioner can probably be more accurately assessed by counsel than by a physician. While petitioner contends that the visual examination is intended solely to annoy, embarass, oppress, and humiliate her, there are many legitimate reasons for counsel to wish to see the injury, ie: to consider the extent of the injury in order to advise their clients on the advisability of making an offer of settlement; or to determine if the photographs petitioner proposes to use at trial are accurate representations. (While petitioner stipulates that there will be no attempt to exhibit the injury to the jury at trial, she may not be able to prove her case if counsel for defendants do not agree to the introduction of photographs to show the condition existing at that time because petitioner contends that the injury is permanent.)
In summary we do not find that the trial judge abused his discretion under the circumstances here in view of Florida’s policy of permitting liberal discovery. Certainly the court’s order was not “arbitrary, fanciful, or unreasonable_” Canakaris v. Canakaris 382 So.2d 1197 (Fla.1980).
Writ DENIED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.

. Florida Rule of Civil Procedure 1.360 provides:
(a) Order for Examination. When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physi-cían or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.